Frost J.
delivered the opinion of the Court.
A majority of the Court concur with the Circuit Judge, that the proposed partition, set out in the instrument, dated 27th February, 1838, was not confirmed by either of the deeds, relied on for that purpose, so as to give to the agreement, contained in that instrument, that the plaintiff should cross the ferry, toll free, the force and effect of a covenant; and that the decree of the Court of Equity operated only to vest in the parties, in severalty, the lands which were, by the deed, assigned to them respectively.
This view of the case is conclusive against the plaintiff’s grounds of appeal; since on the confirmation of the agreement respecting the ferry, by the deeds of the parties or by the decree, as one of the terms of partition, the agreement is rested, that it operates as a covenant real, and binds the defendant as assignee of the ferry tract and ferry.
Even if it were admitted that the agreement operates as a covenant, it is not a covenant real which inheres in the land or ferry, and passes with either, so as to bind the defendant, as assignee. 4 Cruise, 397, defines covenants real to be those ‘'which have for their object something annexed to, or inherent in, or connected with land or other real property.” In Shepherd’s Touchstone, they are defined to be “ such as do run with the realty, so much in the land, that he that hath the one hath or is subject to the other.” In Spencer’s case, 3 Coke, 16, they are described, as “those which touch or concern the realty.” By the second resolution, in that case, it is affirmed that, though a covenant names assignees, yet, if the thing to be done be merely collateral to the land, the assignee shall not be charged; as if the lessee covenants to pay a collateral sum to the lessor or to a stranger, or to build on land of the lessor, not parcel of the demise, “the assignee can no more be charged than any other stranger.” By the third resolution, it is affirmed, that if one lease personal goods for a time, and covenants for hire, and his assigns to return them, this covenant shall not bind the assignees, because there is not any privity or any reversion; but merely a thing in action, in the personalty, which cannot bind any but the covenantor, and his executors and adminis *520 trators, who represent him. And so, if one demise land for years, with a flock of sheep, rendering rent, and covenant for himself and his assigns, to return the flock of sheep, yet the assignee shall not be charged with this covenant; for although the rent was increased in respect of the flock of sheep, yet the rent did not issue out of the stock, but only out of the land. Without ruling that point, it may be conceded, for argument!' that in the terms “realty” and “other real property,” are comprehended not only land or real estate, properly so called, but also chattel interests in land and real hereditaments.
From these authorities, it appears to be an essential quality of a real covenant, that it relate to the realty, having for its object something annexed to, or inherent in, or connected with land or other real property ; and that a personal covenant does not bind the assignee of a covenantor, even though expressly named, but charges only the executor or administrator; and that it makes no difference if such personal covenant is connected with real covenants, so as to form one entire consideration.
The agreement, then, that the plaintiff should cross the ferry, toll free, if a personal covenant, is not converted into a real covenant, because it forms part of the consideration for the partition of the land, but must have the same effect, as if it were an independent contract.
A ferry is not land; nor, in this State, an incorporeal here-ditament. It does not issue out of land, nor is appurtenant to it. In Gourdin v. Davis, and Lehre, 1 Bail., 469, it was held that a ferry did not pass by a conveyance of the adjacent soil; nor was the rent, reserved on the lease of a ferry, extinguished by the lessee’s becoming the owner of the landing places. A covenant, with the assignment of a ferry, by the owner of the landing places, in whom the ferry may be vested, has, therefore, no more the qualities of a real covenant, than if it were made by a stranger to the land. Ferries, like public roads, are public franchises, and are granted to private persons, for a limited term. The owner of the landings is not recognized as having a right to have the ferry granted to him. The grant of it, does not differ from the assignment of a section of a public *521 road to one, under an obligation to keep it in repair, and with authority to demand and receive toll from all persons who may use the road. If such toll-keeper should covenant with one of his neighbors that he might travel toll free, and afterwards assign his section of the road, the assignee would certainly not be bound by the covenant. And so if a mail contractor should covenant that one might ride in his coach, without charge, such an agreement would not bind an assignee of the mail contract and of the stock and coaches, A right of ferry is not then, an incorporeal hereditament, nor the subject of areal covenant; and a contract, though under seal, that one should pass, toll free, is a personal contract which does not bind an assig-nee of the ferry.
It may be proper to notice some of the views which have been presented to charge the defendant. The agreement that the plaintiff should cross the ferry, toll free, was not, by the decree, made a charge upon the ferry or ferry tract. Even if the agreement were comprehended in the decree, that would not give it an obligation beyond its legal effect and the intention of the parties, who did not bind their assigns, nor convert a personal contract into a real covenant. Nor if it be assumed that the defendant purchased with notice of the agreement, did that create a liability. The notice informed him of a mere personal covenant, which did not charge an assignee. Nor did the enjoyment of the privilege during the life of Sarah Garner, and while the ferry tract was owned by Thomas Garner, and after the defendant purchased until the interruption complained of, confer any right on the plaintiff. If the privilege was enjoyed from courtesy, or a mistaken liability, the defendant is not precluded from now asserting his rights. Nor can any claim be founded on the fact, that the defendant purchased from Thomas Garner, who was the devisee of Sarah Garner,and a volunteer. The law does not distinguish between a donee or devisee, and a purchaser for value, except for the protection of creditors. Equity makes a distinction so far as to refuse relief, when it is unconscientiously sought by a volunteer, and leaves him to his remedy at law.
An objection is also presented to the plaintiff’s recovery by *522 the form of action. Case is certainly not the remedy for a breach of covenant; and in this form of action the plaintiff cannot recover on the alleged contract. The refusal of the defendant to carry the plaintiff across the ferry, is not charged as a violation of a public duty, but as the breach of a special contract. Case may be, in many instances, a convenient remedy with assumpsit on implied contracts, but not on special agreements; 6 Barn, and Cres, 273. So it lies for the disturbance of an easement; but the plaintiff has not been disturbed in the enjoyment of an easement; but has been refused the benefit of an alleged special contract to pass the ferry, toll free. The action should have been on the contract.
The motion is refused.
Evans J., Wakdlaw J., and Withers J., concurred.